UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-08088-SB-SK | Date: | March 11, 2022 |
|---|---|---|---|

| Title: | *Steven Marcus v. Alexandria Real Estate Equities, Inc. et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**     **[In Chambers] ORDER OF DISMISSAL AND ORDER TO SHOW CAUSE RE: RULE 11 SANCTIONS**

      Plaintiff Steven Marcus filed this diversity action against Defendants Alexandria Real Estate Equities, Inc. (ARE), Joel Marcus, and Gary Dean, alleging various claims related to a confidentiality and nondisclosure agreement (CNDA) that Plaintiff signed in 2013. Defendants move to dismiss this case for lack of subject-matter jurisdiction because Plaintiff is a U.S. citizen domiciled abroad.[1] Dkt. No. 21. Plaintiff filed an opposition, Dkt. No. 28, and Defendants timely replied, Dkt. No. 29. Defendants also filed a motion for Rule 11 sanctions, to which Plaintiff failed to respond. Dkt. No. 24.

      Over the Thanksgiving holiday in 2013, Joel Marcus approached his son, Plaintiff, and requested that Plaintiff and his company, Bugsby Property LLC, provide financial advisory services to Joel and his company, ARE. Compl., Dkt.

---

[1] The Court finds this matter suitable for resolution without oral argument and vacates the March 18, 2022 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

No. 2, ¶¶ 13–15.  Joel informed Plaintiff that he could not be compensated for the advice due to ARE's anti-nepotism policy.  *Id*. ¶¶ 39–41.  To memorialize this understanding, Plaintiff and Joel executed an agreement (the CNDA) in December 2013.  *Id*. ¶¶ 38–39.  Plaintiff alleges that Joel misrepresented his inability to compensate Plaintiff and pressured him into signing the CNDA.  *Id*. ¶¶ 41–44, 47–50.

This case is the fifth lawsuit between Plaintiff and Defendants arising out of the CNDA and Plaintiff's claims for compensation.[2]  Plaintiff and Bugsby first sued Joel and ARE in New York state court in 2019.  RJN, Dkt. No. 22, Ex. 1.  The case was dismissed for *forum non conveniens*, and Joel and ARE subsequently filed suit in California state court seeking declaratory relief.  *Id*. Exs. 2, 5.  Bugsby then filed an action in the United States District Court for the Southern District of New York.  *Id*. Ex. 6.  The court found that Plaintiff had attempted to manufacture diversity by gifting his ownership interest in Bugsby to his common-law spouse, who is a French citizen.  *Bugsby Prop. LLC v. Alexandria Real Est. Equities, Inc.*, No. 19-CV-9290 (VEC), 2020 WL 1974147, at *4 (S.D.N.Y. Apr. 24, 2020).  This "trigger[ed] a presumption of collusion," which Bugsby failed to rebut, and the case was dismissed for lack of subject-matter jurisdiction because Plaintiff, as a U.S. citizen domiciled abroad, destroyed diversity.  *Id*. at *4–6.  Bugsby later filed another action in Massachusetts state court alleging claims of quantum meruit and unjust enrichment.  RJN Ex. 17.  The court dismissed the case with prejudice, finding that the claims were barred by California's two-year statute of limitations.  *Id*. Ex. 26.

While the Massachusetts action was pending, Plaintiff filed crossclaims in the California state court action for breach of contract, breach of the covenant of good faith and fair dealing, extortion, intentional misrepresentation, fraudulent concealment, unfair competition, and declaratory relief.  *Id*. Ex. 18.  Plaintiff alleged, as he does here, that Joel used threats to induce him to sign the CNDA and misrepresented that Plaintiff could not be compensated due to ARE's anti-nepotism policy.  *Id*. ¶¶ 63, 68, 75, 89.  Joel and ARE moved to dismiss Plaintiff's claims; the court granted the demurrer and gave Plaintiff leave to amend.  *Id*. Ex.

---

[2] The Court **grants** Defendants' unopposed request for judicial notice of federal and state court filings from these prior related cases.  Dkt. No. 22; *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (judicial notice is proper for proceedings in other courts that "have a direct relation to matters at issue").

22. Plaintiff amended his crossclaims and abandoned all his claims other than a breach of contract claim against his parents relating to a promise to pay Plaintiff's child's school tuition. *Id*. Ex. 24. Joel and his wife moved to dismiss, and the court granted the demurrer without leave to amend. *Id*. Exs. 29–30. Four months later, Plaintiff filed this action. In this latest lawsuit, Plaintiff alleges claims of fraud and fraudulent concealment, and seeks declaratory relief, compensatory damages, and punitive damages. Compl. Defendants move to dismiss this case for lack of subject-matter jurisdiction. Dkt. No. 21.

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). In resolving a factual attack that disputes the truth of allegations invoking jurisdiction, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). The court does not need to presume the truthfulness of the plaintiff's allegations. *Id*. Once a party has moved to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the Court's jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a). Under § 1332(a) (diversity jurisdiction), U.S. citizens domiciled abroad are considered "stateless" and destroy complete diversity. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828–29 (1989). And if a party is a dual citizen, "only the American nationality of the dual citizen should be recognized" in determining diversity. *Hilsenrath v. Nixon Peabody LLP*, No. C 07-3193 CW, 2007 WL 2695830, at *1 (N.D. Cal. Sept. 11, 2007) (quoting *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir. 1992)).

Plaintiff is domiciled in the United Kingdom, but his complaint mentions only the status of his U.K. citizenship. Compl. ¶ 2. Plaintiff further avoids any

mention of his U.S. citizenship in his opposition to Defendants' motion to dismiss, noting only that he has "become a citizen of the U.K." Opp. at 2. But Defendants contend, and prior litigation between the parties suggests, that Plaintiff was a U.S. citizen when this action was filed. Wallace Decl., Dkt. No. 21-1, ¶ 3; *Bugsby Prop. LLC*, 2020 WL 1974147, at *4. Accordingly, the Court ordered Plaintiff to file a statement indicating the status of his U.S. citizenship. Dkt. No. 32. Plaintiff timely responded and acknowledged that he retains his U.S. citizenship status. Dkt. No. 33, at 1.

As Plaintiff was a dual citizen when this lawsuit was filed, the Court considers only his American citizenship. *Mutuelles*, 957 F.2d at 711. Accordingly, he is "stateless" because he is an American citizen domiciled in the United Kingdom, thus he cannot establish complete diversity. *Newman-Green*, 490 U.S. at 828–29. Accordingly, Defendant's motion is **GRANTED**, and this case is **DISMISSED** for lack of subject-matter jurisdiction.

This dismissal does not prevent the Court from determining whether Rule 11 sanctions are warranted. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (noting that Rule 11 sanctions are a collateral issue, not a judgment on the merits, and may be adjudicated "after the principal suit has been terminated"). Accordingly, it is further **ORDERED** that Plaintiff shall show cause at a hearing on **April 15, 2022**, at 8:30 a.m. in Courtroom 6C why the Court should not subject Plaintiff and his counsel to Rule 11 sanctions, including monetary sanctions and attorney's fees and costs, for misrepresenting his citizenship status in an attempt to establish diversity jurisdiction and trying to relitigate precluded and time-barred claims. Plaintiff shall file and serve a written response to this OSC no later than **April 1, 2022**. Defendants may file and serve a response to this OSC by **March 22, 2022**, setting forth their attorney's fees and costs incurred in defending this action.

**IT IS SO ORDERED**.